John M Dutton
3021 W. Espartero Way
Phoenix AZ, 85086
480-619-1689

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED ___ LODGED
RECEIVED ___ COPY
MAR 20 2014
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

JOHN M. DUTTON, )
   Plaintiff, *ProSe'* )
                                 )            CV-14-588-PHX-NVW
V. )            Case No.:
                                 )            **TRIAL BY JURY DEMANDED**
Asset Management Associates Inc., Defendant )
Shamano Landscaping, Co-Defendant )

## PLAINTIFFS' STATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, John M. Dutton. The Plaintiff at all times is a resident of the State of Arizona and the County of Maricopa. As such establishing the jurisdiction of this honorable Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

### Statement of Claim

1. The Defendant is a third party debt collector located in Syracuse, UT as
2. such is governed under the law by The Fair Debt Collection Practices Act
3. 15 USC § 1601, *et seq.* The Defendant is also governed under the law by
4. The Fair Credit Reporting Act 15 USC § 1681, *et seq.* and also reports
5. these accounts to the national credit reporting agencies i.e. Trans Union,
6. Equifax, Experian and Innovis all national reporting agencies. The State
7. of Arizona abides by and adheres to these laws. Specifically the Fair
8. Credit Reporting Act 15 USC § 1681, *et seq.* and FDCPA and § 1681p of
9. the FCRA. The Defendants are governed under these laws.

10. The Plaintiff denies ever having any contractual agreement for credit

11. loans or services relationship with the Defendants. Even if the Plaintiff did

12. have such an agreement, which the Plaintiff denies, the alleged debt is

13. not in question here.  But the fact as to how it was or was not validated

14. and wrongful actions of the Defendants in an attempt to collect and credit

15. reporting on the alleged debt, violated the civil rights of the Plaintiff and

16. the law as outlined in the Debt Collection Practices Act, 15 USC § 1601,

17. *et seq.* and the Fair Credit Reporting Act 15 USC § 1681, *et seq.*

18. On or about January 13, 2014 the Plaintiff received a statement from

19. Defendant by U.S. mail offering to the Plaintiff a one time settlement offer.

20. The statement indicated that "Your reduced settlement amount is only

21. $500.00. Payment is due in our office by 02/10/2014, or call our office to

22. set up a payment plan."

23. **COUNT I**

24. Overshadowing 1996 U.S. Dist. LEXIS 22555,*

25. DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a

26. CREDIT ASSOCIATES, Defendant. 96-C-0195-S The Plaintiff has 30

27. days to respond to this alleged account and the statement  "Payment is

28. due in our office by 02/10/2014, or call our office to set up a payment

29. plan" indicates that the Plaintiff must either pay them in less than thirty

30. days or contact them immediately as opposed to the 30 days to respond

31. allowed by law.

32. **Plaintiff demands judgment in the amount of $1000.00**

33. Plaintiff re-alleges the allegation set forth in paragraphs 1 through 34

34. hereinabove.

35. **COUNT II**

36. On or about October 11, 2013 the Plaintiff sent a letter of

37. validation/dispute to the Defendant asking to provide proof of the alleged

38. debt.  The Plaintiff sent this by certified US Mail return receipt requested.

39. The Defendant received this on October 23, 2013.  As of today's date

40. there has been no response from the Defendant in this matter.  The

41. Defendant violated **Section 809. Of the DCPA Validation of debts [15**

42. **USC 1692g] (b) If the consumer notifies the debt collector in writing within**

43. **the thirty day period described in subsection (a) that the debt, or any**

44. **portion thereof, is disputed, or that the consumer requests the name and**

45. **address of the original creditor, the debt collector shall cease collection of**

46. **the debt, or any disputed portion thereof, until the debt collector obtains**

47. **verification of the debt or any copy of a judgment, or the name and address**

48. **of the original creditor, and a copy of such verification or judgment, or**

49. **name and address of the original creditor, is mailed to the consumer by the**

50. **debt collector.**

51. No proof of any account/debt has been received from Asset Management

52. Associates, Inc. to indicate any proof of any alleged debt.  The Plaintiff

53. pulled his credit report on July 5, 2013 and found that Asset Management

54. Associates, Inc. had entered derogatory information into the Plaintiffs

55. Equifax Report indicating that the account was in collections and unpaid.

56. Defendant did not provide any proof of the alleged account and continues

57. to perform collection activities.  This remains in the Plaintiffs credit report

58. to date, the Defendant has updated the account on numerous occasions.

59. **Plaintiff demands judgment in the amount of $6,000.00**

60. Plaintiff re-alleges the allegations set forth in paragraphs 35 through 61

61. hereinabove.

62. **COUNT III** Reporting erroneous and inaccurate information

63. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

64. According to the Fair Credit Reporting Act, **Section 623.**

65. **Responsibilities of Furnishers of information to consumer reporting**

66. **agencies [15 U.S.C. § 1681s-2]:**

67. (a) Duty of furnishers of information to provide accurate information.

68. (1) Prohibition

69. (A) Reporting information with actual knowledge of errors. A person shall not

70. furnish any information relating to a consumer to any consumer-reporting

71. agency if the person knows or consciously avoids knowing that the information is

72. inaccurate.

73. (B) Reporting information after notice and confirmation of errors. A person

74. shall not furnish information relating to a consumer to any consumer-reporting

75. agency if

76. (i) <u>the person has been notified by the consumer, at the address specified</u>

77. <u>by the person for such notices, that specific information is inaccurate;</u>

78. <u>and</u>

79. (ii) the information is, in fact, inaccurate.

80. (2) Duty to correct and update information. A person who

81. (A) <u>regularly and in the ordinary course of business furnishes information</u> to one

82. or more consumer reporting agencies about the person's transactions or

4

83. experiences with any consumer; and

84. (B) has furnished to a consumer reporting agency information that the person

85. determines is not complete or accurate, shall promptly notify the consumer

86. reporting agency of that determination and provide to the agency any

87. corrections to that information, or any additional information, that is necessary

88. to make the information provided by the person to the agency complete and

89. accurate, and shall not thereafter furnish to the agency any of the information

90. that remains not complete or accurate.

91. (3) <u>Duty to provide notice of dispute. If the completeness or accuracy of any</u>

92. <u>information furnished by any person to any consumer reporting agency is</u>

93. <u>disputed to such person by a consumer, the person may not furnish the</u>

94. <u>information to any consumer reporting agency without notice that such</u>

95. <u>information is disputed by the consumer.</u>

96. (b) Duties of <u>furnishers</u> of information upon notice of dispute.

97. (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681(i)] of

98. a dispute with regard to the completeness or accuracy of any information

99. provided by a person to a consumer reporting agency, the person shall

100. (A) conduct an investigation with respect to the disputed information;

101. (B) review all relevant information provided by the consumer reporting agency

102. pursuant to section 611(a)(2) [§ 1681i];

103. (C) report the results of the investigation to the consumer reporting agency; and

104. (D) if the investigation finds that the information is incomplete or inaccurate,

105. report those results to all other consumer reporting agencies to which the person

106. furnished the information and that compile and maintain files on consumers

107. on a nationwide basis.

108. (2) Deadline. A person shall complete all investigations, reviews, and reports

109. required under paragraph (1) regarding information provided by the person to a
110. consumer reporting agency, before the expiration of the period under section
111. 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to
112. complete actions required by that section regarding that information.
113. The Defendant has reported this account to Equifax since January 2012,
114. and has updated same for a period of twenty-seven months in one
115. bureau with erroneous and inaccurate information through today as
116. they have not provided validation of the alleged debt/account.
117. **Plaintiff demands judgment for $6,000.00**
118. Plaintiff re-alleges the allegations set forth in paragraphs 62 through 119
119. hereinabove.
120. **Count IV**
121. Failure to mark the account in dispute
122. According to the Fair Credit Reporting Act, section **623.**
123. **Responsibilities of furnishers of information to consumer reporting**
124. **agencies [15 U.S.C. § 1681s-2]:**
125. (a)  Duty of furnishers of information to provide accurate information.
126. (1) Prohibition
127. (A) Reporting information with actual knowledge of errors.  A person shall
128. not furnish any information relating to a consumer to any consumer-reporting
129. agency if the person knows or consciously avoids knowing that the information
130. is inaccurate.
131. (B) Reporting information after notice and confirmation of errors.  A person shall
132. not furnish information relating to a consumer to any consumer-reporting
133. agency if

6

134. **(i) the person has been notified by the consumer, at the address specified**
135. **by the person for such notices, that specific information is inaccurate;**
136. **and**
137. (ii) the information is, in fact, inaccurate.
138. (2) Duty to correct and update information.  A person who
139. (A) regularly and in the ordinary course of business furnishes information to one
140. or more consumer reporting agencies about the person's transactions or
141. experiences with any consumer; and
142. (B) has furnished to a consumer reporting agency information that the person
143. determines is not complete or accurate, shall promptly notify the consumer
144. reporting agency of that determination and provide to the agency any
145. corrections to that  information, or any additional information, that is necessary
146. to make the information provided by the person to the agency complete and
147. accurate, and shall not thereafter furnish to the agency any of the information
148. that remains not complete or accurate.
149. **(3) Duty to provide notice of dispute.   If the completeness or accuracy of**
150. **any information furnished by any person to any consumer reporting**
151. **agency is disputed to such person by a consumer, the person may not**
152. **furnish the information to any consumer reporting agency without notice**
153. **that such information is disputed by the consumer.**
154. Asset Management Associates Inc. on the Equifax credit report of
155. Plaintiff does not reflect that the information is disputed by the consumer
156. even though the Plaintiff has sent a letter of validation/dispute to the
157. Defendant and to date the Defendant has not responded.  The
158. Defendant has reported this account to Equifax since January 2012 and

159. has updated same for a period of twenty seven months through today.
160. **Plaintiff demands judgment for $6,000.00**
161. Plaintiff re-alleges the allegations set forth in paragraphs 114 through
162. 162 hereinabove.
163. **COUNT V**
164. Plaintiff has a weak Equifax credit score of 656 as of this date and has
165. been denied credit at reasonable rates because of the negligent
166. noncompliance actions and/or non-actions of the defendant.
167. The Defendants have damaged the Plaintiffs Credit Report, Credit
168. Score and have committed Defamation of Character, *PerSe'* against
169. the Plaintiff.
170. Defendants who was aware of the situation failed to mitigate the issues
171. and knowingly and with willful non-compliance and negligent
172. noncompliance pursued continued collection activity. They failed to
173. mark the account in dispute after receiving Letter of Dispute and
174. a Request for Validation, committed the act of overshadowing,
175. failed to validate the debt, failed to correct the erroneous
176. information in Plaintiffs credit report after being duly informed of the
177. situation violating the FCRA and DCPA.
178. Defendant has violated the FCRA section **Sec. 1681n. Civil liability**
179. **for willful noncompliance.**
180. Any consumer reporting agency or <u>user</u> of information which willfully fails to
181. comply with any requirement imposed under this title with respect to any
182. consumer is liable to that consumer in an amount equal to the sum of-

183. (1) any actual damages sustained by the consumer as a result of the failure;

184. (2) such amount of punitive damages as the court may allow; and

185. (3) in the case of any successful action to enforce any liability under this

186. section, the costs of the action together with reasonable attorney's fees as

187. determined by the court.

188. Under the FCRA **Sec. 1681o. Civil liability for negligent**

189. **noncompliance**

190. Any consumer reporting agency or **user** of information which is negligent in

191. failing to comply with any requirement imposed under this title with respect to

192. any consumer is liable to that consumer in an amount equal to the sum of-

193. (1) any actual damages sustained by the consumer as a result of the failure;

194. (2) in the case of any successful action to enforce any liability under this

195.  section, the costs of the action together with reasonable attorney's fees

196. as determined by the court.

197. **Plaintiff demands judgment for punitive damages of $10,610.00**

198. Plaintiff re-alleges the allegations set forth in paragraphs 164 through

199. 199 hereinabove.

200. **WHEREFORE,** the defendants have violated the Fair Credit Reporting

201. Act and the Debt Collection Practices Act.  Plaintiff demands judgment

202. in the amount of  $29,610.00 plus all costs of this action along with

203. punitive damages in the amount of $800,000.00 or as the court may

204. allow along with Private Attorney General fees of $3,000.00 as

205. prescribed by law *Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir.*

206. *1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest Billing*

207. *Services, Inc., F.3d---(1997 WL 695401, 7th Cir.) or 128 F. 3d 1164*

208. *(7th Cir., 1997).*

209. Plaintiff re-alleges the allegations set forth in paragraphs 201 through

210. 210 hereinabove.

211. The Plaintiff has tried every way possible to resolve these issues

212. amicably but has not been replied to or ignored in these matters thus

213. leaving the Plaintiff no alternative but to seek relief through this

214. Honorable Court.

215.      **Statement Upon Which Relief Can Be Granted**

216. 1. A Settlement agreement between the Plaintiff and the Defendants that
217.    the Defendants shall remove any derogatory information and inquires
218.    from all four major credit-reporting agencies Trans Union, Equifax,
219.    Experian and Innovis and any other known credit reporting agencies
220.    Asset Management Associates Inc. has used now or may use in the
221.    future.
222.
223. 2. Defendants must also provide a letter and or Universal Data Form
224.    indicating that they have done this and send same to the Plaintiff.
225.
226. 3. The Defendants will be barred now or in the future from selling or
227.    transferring of the alleged debt to any other collection agency or
228.    attorney or entity and also barred now and in the future from re-
229.    entering this information into the Plaintiffs credit reports.
230.
231. 4. The Defendants must cease and desist any further collection
232.    activities against the Plaintiff and the Defendants may not Sell or
233.    Transfer the alleged account to any other Collection Agency or
234.    Attorney or entity now or in the future.
235.
236. 5. Payment of $29,610.00 for their violations.
237.
238. 6. Private Attorney General Fees must be paid to Plaintiff.
239.
240. 7. Damages as allowed by the Court.
241.
242. Respectfully submitted this 20th Day of March 2014.
243.
244.
245.
246.

247.
248.
249.
250.
251.
252.

*John M. Dutton* (signature)
John M. Dutton, Plaintiff
3021 W. Espartero Way
Phoenix, AZ 85086
480-619-1689
ldrmjohndutton@yahoo.com